CYRENEUS HENDRICKSON ET AL. ADS. JOHN W. HERBERT ET AL.

1. Where, at common law, an action would abate by the death of a party, such death should, under our statute, be suggested on the record by the party desiring the suit to proceed, and the opposite party should be ruled to take his next step, before he can be put in default.
2. An action of trespass *quare clausum fregit*, is not, at common law, abated by the death of one of several defendants; and in case of such death, no suggestion or rule is necessary.

In trespass. On motion to set aside a judgment by default, in order that the defendants might plead.

Argued at November Term, 1875, before Justices SCUDDER and DIXON.

For the motion, *Kingman.*

Contra, *C. Robbins.*

The opinion of the court was delivered by

DIXON, J. This motion is based upon the following facts: The suit was originally brought against three defendants. After declaration filed, and before the time to plead had expired, one of the defendants died. After the time to plead would have expired, in case the defendant had not died, the plaintiffs, without notice to the surviving defendants, procured an order that the suit be continued against the survivors, and, thereupon, without giving notice of the order to the survivors, or ruling them to plead, entered interlocutory judgment by default against them. The question raised is as to the regularity of such judgment, and the defendants insist that correct practice required the plaintiffs to suggest upon the record the death of the defendant, according to the second section of the abatement act, and thereupon rule the survivors to plead, before judgment by default could be entered against them.

Such a course of procedure would be requisite in all suits which would at common law be abated by the death of one of the parties, and which, therefore, would need the support of the statute to keep them in progress. In such cases, by the fact of the death of a party, the suit is stopped, and whether it shall proceed, is made, by the statute, to depend upon the suggestion of the death upon the record; and until such suggestion is made, neither side can be compelled to advance. Upon its being made, the other side is entitled to

notice of the fact, and to the direction of the court that he shall proceed, without which he is not in default.

This suit, however, is an action of trespass *quare clausum fregit*, and such actions did not, at common law, abate because of the death of one of several defendants. The common law did not regard the defendants as so jointly liable that the cause could not proceed against one or some without involving all of the defendants. They were sued severally, as well as jointly. They might be declared against severally ; might plead severally, have separate trials and diverse verdicts and judgments ; and even upon a common verdict against all, after joint declaration, plea, and trial, the plaintiff might enter a *nolle prosequi* as to some, and take judgment against the rest. *Sir John Heydon's case*, 11 *Rep.* 5 ; *Salmon* v. *Smith*, 1 *Saund.* 207, *note ; Leigh et al.* v. *Bargany, Cro. Jac.* 19 ; *Walsh* v. *Bishop, Cro. Car.* 239, 243 ; *Anonymous, Ib.* 509 ; *The King* v. *Dryden et al.; Ib.* 574 ; *Sumner* v. *Tileston*, 4 *Pick.* 308.

" The general rule to be observed," says Bacon in his Abridgment, (*Abatement F,*) " is that, where the death of any party happens, and yet the plea is in the same condition as if such party were living, then such death makes no alteration or abatement of the writ." By which I understand him to mean that if, notwithstanding the death, the suit may proceed between the survivors without change, and yet without legal incongruity, there no abatement occurs. In the case before us, there would be no legal incongruity in having a declaration against three defendants, a plea by only two of them, a trial between the plaintiffs and those two, and a verdict and judgment against or in favor of them. Hence I conclude that this suit did not, upon the principles of the common law, abate by reason of the death of one defendant, and that the plaintiffs were at liberty to proceed without noticing such death, and that their judgment against the surviving defendants is regular.

The defendants further prayed to be allowed to defend, upon the ground that the judgment was a surprise to them,

State, West Jersey R. R. Co., pros., v. Receiver of Taxes of Camden.

and they had substantial merits. However much surprised they may have been, they have not succeeded in satisfying the court that they have any merits which are infringed by the judgment already pronounced.

The motion is, therefore, denied, with costs.